# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

No. 18-40888

CORNELL MCHENRY,

*Petitioner—Appellant*,

*versus*

STATE OF TEXAS; BOBBY LUMPKIN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:16-CV-74

Before BARKSDALE, ELROD, and HO, *Circuit Judges*.

PER CURIAM:*

A Texas jury convicted Cornell McHenry for possession of methamphetamine, and he was sentenced to 25 years in prison. After his direct appeal and state habeas petitions failed, McHenry, proceeding *pro se*,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-40888

sought federal habeas relief, which the district court denied. This court granted a certificate of appealability on three questions relating to McHenry's claim that he is entitled to habeas relief as a result of his trial counsel's conflict of interest. Because his claims fail on the merits, we AFFIRM.

## I.

During Cornell McHenry's state-court trial for possession of methamphetamine, the public defender's office represented McHenry, and Rick Shumaker, a public defender, served as lead counsel. At trial, McHenry's former girlfriend, DeQueener Mitchell, testified for the state against McHenry. Mitchell testified that she and McHenry were living together in a house where methamphetamine was discovered by police and that, despite her earlier guilty plea to possessing those drugs and her sworn affidavit stating that the drugs were solely hers, the methamphetamine actually belonged to McHenry. Mitchell maintained she was lying when she previously stated that the methamphetamine was hers. And she testified that she did not receive anything in exchange for her testimony against McHenry.

Following Mitchell's testimony, the trial court discovered that, more than two years prior to McHenry's trial, the public defender's office represented Mitchell when she entered her plea agreement.[1] The trial court admonished the public defender's office for not bringing the potential issue of successive representation to the court's attention sooner so that new counsel could be appointed for McHenry and so "the conflict would not exist." The trial court determined that although there was an "inherent

---

[1] Although the record clearly indicates that the public defender's office represented Mitchell in her guilty plea, it is silent as to whether Shumaker represented her, and the parties dispute this fact.

conflict of interest," McHenry suffered no harm from the conflict. Based on its determination that McHenry was not adversely affected by the conflict, the trial court concluded that no action was necessary, and the trial continued.

The jury ultimately convicted McHenry of possession of a controlled substance. *See McHenry v. Texas*, No. 06-14-00131-CR, 2015 WL 3526252, *1 (Tex. App. June 5, 2015) (unpublished). Based on a prior felony conviction, the trial court enhanced his punishment range to that of a first-degree felony, and he was sentenced to 25 years in prison. *Id.* at *1 n.1.

McHenry appealed his conviction, arguing that there was insufficient evidence to support the verdict and that the court improperly instructed the jury. *Id.* at *1–2. McHenry did not raise an ineffective assistance of counsel claim on direct appeal and did not mention the conflict of interest. *Id.* at *1–2. After the state appellate court affirmed the conviction, *id.* at *3–8, McHenry failed to file a timely petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

In addition to his direct appeal, McHenry also filed multiple state habeas petitions. The TCCA dismissed McHenry's first habeas petition on procedural grounds because the intermediate appellate court had not yet issued its mandate on his direct appeal when the petition was filed. In his second state habeas petition, McHenry raised the same claims raised on direct appeal. Notably, he did not include an ineffective assistance of counsel claim. The trial court recommended denying McHenry's petition because the claims raised had been rejected on direct appeal. And the TCCA denied the petition based on the findings of the trial court.

McHenry then filed a federal 28 U.S.C. § 2254 petition that is the subject of this appeal. In his federal petition, McHenry raised the same claims that he raised in his state habeas petition. He also raised an ineffective

assistance of counsel claim, arguing that his trial counsel operated under a conflict of interest.    The district court, adopting the report and recommendations of a magistrate judge, denied his petition and motion for a certificate of appealability (COA).

McHenry then moved this court for a COA based on, *inter alia*, his claim that counsel was ineffective due to a conflict of interest.  We granted a COA with respect to the following:

> (1) Is McHenry's claim of ineffective assistance of counsel based upon counsel's conflict of interest (which was explicitly ruled upon by the state trial court but not raised in the state habeas proceedings) procedurally defaulted? (2) If so, is there cause and prejudice to excuse the default? and (3) If so, is McHenry entitled to habeas relief as a result of his trial counsel's conflict of interest?

We denied his COA motion in all other respects.

## II.

Proceeding *pro se*, McHenry claims that he is entitled to habeas relief because his trial counsel, laboring under a conflict of interest, was constitutionally ineffective.  Because we find that McHenry's ineffective assistance of trial counsel claim does not merit relief, even when reviewed de novo, *see Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010), we need not decide whether that issue is procedurally defaulted or whether there is cause and prejudice to excuse procedural default.  28 U.S.C. § 2254(b)(2); *King v. Davis*, 883 F.3d 577, 585 (5th Cir. 2018).  Instead, "we will cut straight to the merits to deny his claim."  *Murphy v. Davis*, 901 F.3d 578, 589 n.4 (5th Cir. 2018).

McHenry claims that Shumaker was constitutionally ineffective because his prior representation of Mitchell created an impermissible conflict of interest.  "Under the Sixth Amendment, if a defendant has a constitutional

right to counsel, he also has a corresponding right to representation that is free from any conflict of interest." *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir. 1993). However, the mere "possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). Instead, to demonstrate a violation of the Sixth Amendment based on counsel's conflict of interest, a petitioner must show that trial counsel "labored under an actual conflict which adversely affected his lawyer's performance." *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996) (*Perillo I*). "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000) (*Perillo II*).

Even assuming that Shumaker labored under an actual conflict of interest based on his alleged representation of Mitchell two years prior to McHenry's trial, the question remains whether that conflict adversely affected Shumaker's performance in representing McHenry. *See Sullivan*, 446 U.S. at 348. "[T]o show adverse effect, a petitioner must demonstrate that some plausible defense strategy or tactic might have been pursued but was not, because of the conflict of interest." *Perillo I*, 79 F.3d at 449. Thus, McHenry must show, "not only that [Shumaker's] performance was compromised, but that the compromises revealed in the record were generated by the actual conflict between [Mitchell's] and [McHenry's] interests." *Perillo II*, 205 F.3d at 807.

McHenry offers only two arguments to support his contention that he was adversely affected. First, McHenry argues that the disparity between his sentence and Mitchell's sentence shows that trial counsel's performance negatively affected him. The trial court sentenced McHenry to 25 years in prison, while Mitchell received only probation following her guilty plea. But

this disparity is largely because Mitchell accepted a plea deal, while McHenry took his chances at trial. And, McHenry cannot argue that Shumaker and the public defender's office did not attempt to secure a plea deal for him. McHenry was presented with multiple plea deals, including a five-year plea deal offer and a two-year plea deal offer. But McHenry rejected these deals, choosing to take his chances at trial, despite counsel's advice to the contrary and warnings that he faced the possibility of a longer prison sentence if he was convicted.

Even if we focus on the disparity between the plea deal McHenry was offered and the plea deal Mitchell accepted, McHenry points to no evidence suggesting that the state would have offered him a better plea deal, or a plea deal similar to the one Mitchell accepted, had he been represented by different counsel. And an offer of a plea deal without prison time was unlikely, due to McHenry's lengthy criminal history. Thus, the difference between Mitchell's and McHenry's sentences are insufficient to show an adverse effect.

Second, McHenry argues that he was adversely affected because part of Mitchell's plea deal "included the stipulation that Mitchell testify against McHenry." Furthermore, he insists that "the record is fully developed on this point." But, despite that claim, the record is devoid of any evidence supporting McHenry's assertion. Mitchell's written plea deal contains no agreement to testify against McHenry. And Mitchell testified under oath that she had not received anything in exchange for her testimony.

What the record does show, however, is that Shumaker aggressively and thoroughly cross-examined Mitchell, attempting to impeach her credibility on multiple occasions. *See United States v. Burns*, 526 F.3d 852, 857 (5th Cir. 2008) (holding that the defendant did not show an actual conflict of interest adversely affected his defense because counsel, among

other things, challenged the credibility of the witness who was his former client).

Without any support from the record, McHenry's claims of adverse effect are entirely speculative. *See United States v. Alvarez*, 580 F.2d 1251, 1255 (5th Cir. 1978). He failed to "demonstrate that some plausible defense strategy or tactic might have been pursued but was not, because of the conflict of interest." *Perillo I*, 79 F.3d at 449. Thus, McHenry cannot establish that he was adversely affected by his trial counsel's conflict of interest, and the district court did not err by denying his petition for habeas relief.

* * *

For the foregoing reasons, we AFFIRM the judgment of the district court. McHenry's petition for habeas relief is DENIED.